SUMMARY ORDER

Petitioner Zhi Yun Gao, a native and citizen of the People’s Republic of China, seeks review of a June 30, 2008 order of the BIA denying his motion to reopen. In re Zhi Yun Gao, No. A076 682 909 (B.I.A. June 30, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Gao’s untimely motion to reopen.
Gao argues that the agency erred in finding that he failed to demonstrate material changed country conditions excusing the untimeliness of his motion to reopen. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a rea *62 sonable possibility of persecution. See id. (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Additionally, contrary to Gao’s argument, he is not eligible to file a successive asylum application based on his changed personal circumstances. See Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008).
We lack jurisdiction to review the BIA’s decision insofar as it declined to reopen Gao’s proceedings sua sponte. See Ali, 448 F.3d at 518.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).